IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **RICK SCOTT** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AMERICAN NATIONAL TRUST &** | § | **NO. 5:12-CV-00006-C** |
| **INVESTMENT MANAGEMENT** | § | |
| **COMPANY, LLC a/k/a** | § | |
| **AMERICAN NATIONAL TRUST &** | § | |
| **INVESTMENT COMPANY, LLC;** | § | |
| **PHYLLIS FRANCIS; JAMES McCOOL** | § | |
| **a/k/a JAMES McCOOL III and a/k/a** | § | |
| **JAMES F. McCOOLE;** | § | |
| **SALVATORE CARPANZANO a/k/a** | § | |
| **JOHN SALVATORE CARPANZANO;** | § | |
| **CARMELA ANN CARPANZANO;** | § | |
| **MARISA BELCASTRO; BARCLAY** | § | |
| **CAPITAL HOLDINGS, LLC; LEONARD** | § | |
| **G. BARRIE a/k/a LEN BARRIE; J.** | § | |
| **SCOTT MONTANA; TREASURES FZE;** | § | |
| **TERRASTONE PROJECT HOLDINGS,** | § | |
| **LLC; AHMED HIJAWI a/k/a DAVID** | § | |
| **LEVY; ALEXANDER THOMAS** | § | |
| **McCLAIN;GREENBERG TRAURIG,** | § | |
| **L.L.P.; GREENBERG TRAURIG, P.A.** | § | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE
### THIRD AMENDED COMPLAINT, MOTION TO CERTIFY DEFAULT JUDGMENTS
### AS FINAL UNDER FED. R. CIV. P. 54(b) AND BRIEF IN SUPPORT

Plaintiff RICK SCOTT ("Scott") files this Motion for Leave to File Third Amended

Complaint, Motion to Certify Default Judgments as Final Under Fed. R. Civ. P. 54(b) and Brief

in Support, and respectfully shows the Court as follows:

### I.
### BACKGROUND

1.     On December 20, 2011, Scott filed his Original Petition in the 72nd District Court, Lubbock

County, Texas ("State Court") seeking injunctive relief and money damages related to claims for

breach of contract, fraud, violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty and negligence related to $2 million that Scott wire-transferred into an escrow account.

2.      This action was removed to this Court on January 10, 2012 by Notice of Removal (Docket No. 1).

3.      Scott filed a First Amended Complaint on January 17, 2012 (Docket No. 30).

4.      Scott filed a Second Amended Complaint on March 28, 2012 (Docket No. 91).

5.       Since the filing of Scott's Second Amended Complaint, he has learned additional facts which require he amend his pleadings to do four things: (a) include James F. McCoole as another name for the defendant James McCool a/k/a James McCool III; (b) include a cause of action against Alexander Thomas McClain for participation in breach of fiduciary duty; (c) reflect that default judgments have been taken against many of the Defendants; and (d) join two additional defendants, Greenberg Traurig, L.L.P. and Greenberg Traurig, P.A. as being vicariously liable for the conduct of Alexander Thomas McClain.

6.      In accordance with Local Rule 15.1(b), Scott encloses a copy of his proposed Third Amended Complaint ("Third Amended Complaint") in the Appendix in support of this Motion.

7.      On June 14, 2012 (Docket No. 140), and August 29, 2012 (Docket No. 168), the Court entered Default Judgments against many of the defendants in this case.   This Motion also seeks to have those Default Judgments certified as final under Fed. R. Civ. P. 54(b), *nunc pro tunc* from the date of their original entry.

## II.
## STANDARDS OF REVIEW

8.      Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

*Bamm, Inc. v. GAF Corp.*, 651, F.2d 389, 391 (5th Cir. 1981); *Gulig v. Comm'r*, 293 F.3d 279, 281 (5th Cir. 2002).   Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a); *Krupski v. Costa Crociere S.p.A.*, 560 U.S. ___, 130 S. Ct. 2485, 2496 (2010).

9.      In certifying a judgment as final, "[a]lthough it is not necessary for a trial court . . . to recite the magic words of 'no just reason for delay,' the order alone, or the order together with the motion or some other portion of the record referred to in the order" must contain clear language reflecting court's intent to enter judgment under Rule 54(b). *Askanase v LivingWell, Inc.,* 981 F.2d 807, 810 (5th. Cir. 1993) (citation omitted).   Indeed, "[i]f the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable." *Kelly v Lee's Old Fashioned Hamburgers, Inc*., 908 F.2d 1218, 1220 (5th Cir. 1990)(en banc).

10.     Under Rule 54(b), there is a requirement that the court give justification for certifying a judgment as final. This is due to the policy reasons of avoiding "piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). The threshold inquiry for a court is whether "there is no just reason for delay."   *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). This determination is within the sound discretion of the district court. *Id.* In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay ..." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992).

11.     If a judgment is not initially certified under Rule 54(b), it can be certified *nunc pro tunc* at a later time by the district court. *Thibault v. BellSouth Telcoms., Inc.*, 612 F.3d 843, 844 n. 1 (5th Cir. 2010).   Certification can even occur after such a judgment has been argued to the court of

appeals.   *Tower v. Moss*, 625 F.2d 1161, 1164 (5th Cir. 1980).

## III.
## ARGUMENT

12.     Justice requires that Scott be granted leave to file the Third Amended Complaint.   Given the posture of this cause, none of the parties to this proceeding would be prejudiced, Scott's request to amend is not in bad faith, and Scott has not engaged in undue delay in seeking leave. Justice requires that Scott be allowed to clarify his claims against Defendant McClain and join his former employer under a vicarious liability theory.   Therefore, the Court should grant Scott leave to amend.   *Foman*, 371 U.S. at 182; *Gulig*, 293 F.3d at 281; *Krupski*, 130 S. Ct. at 2496.

13.     The Court should also certify the prior Default Judgments as final under Rule 54(b), particularly because they were default judgments.   The defaulting defendants' failure to participate in the case gives rise to a finding that there should be "no just delay" in certifying the judgments as final so that Scott can proceed with judgment collection activities.   The Court should also order that the judgments be certified as final *nunc pro tunc* effective the original date of the judgments.

## IV.
## PRAYER

14.     Scott prays that the Court grant his Motion for Leave to File Third Amended Complaint and certify the Default Judgments as final *nunc pro tunc* under Rule 54(b), together with any further relief to which he may be entitled.

Respectfully submitted,

By:   */s/ Jim Hund*
         Jim Hund; SBN: 10277800
         jhund@hkwwlaw.com
HUND, KRIER, WILKERSON & WRIGHT, P.C.
P.O. Box 54390

Lubbock TX 79453-4390
(806) 783-8700
(806) 783-8710 FAX

By:   /s/ Fernando M. Bustos
     Fernando M. Bustos; SBN:   24001819
     Email: fbustos@bustoslawfirm.com
LAW OFFICES OF FERNANDO M. BUSTOS, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF RICK SCOTT

## CERTIFICATE OF CONFERENCE

    I certify that on the 7th day of September, 2012, I conferred with counsel for Defendant McClain, and the other remaining Defendants for whom I have an email address by e-mail concerning the substance of this motion. On September 8, 2012, Lawrence M. Doss, Counsel for Defendant McClain, indicated he is not opposed to this Motion.   The remaining defendants contacted did not respond and are presumed opposed. Further, those Defendants who have not yet been located are presumed opposed.

/s/ Fernando Bustos
FERNANDO BUSTOS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was served upon all counsel of record on the date of filing via ECF, and upon the following pro se Defendants in the manner indicated below on the 10th day of September, 2012:

/s/ Fernando Bustos
FERNANDO BUSTOS

Phyllis Francis
*Via Email: jmccool@antimtrust.com and phyllisfrancis@antimtrust.com*

James McCool
*Via Email: jmccool@antimtrust.com*

Lawrence M. Doss
**MULLIN HOARD &BROWN, L.L.P.**
1500 Broadway, Suite 700
Lubbock, Texas 79401
P.O. Box 2585
Lubbock, Texas 79408-2585
*Via Email: **ldoss@mhba.com***