IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| RICK SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN NATIONAL TRUST & | ) |
| INVESTMENT MANAGEMENT | ) |
| COMPANY, LLC, et al., | ) |
| | ) |
| Defendants. | )  Civil Action No. 5:12-CV-006-C |

**ORDER**

On this date, the Court considered:

(1) Plaintiff Rick Scott's Motion for Contempt Against Defendant Salvatore Carpanzano a/k/a John Salvatore Carpanzano, filed December 12, 2012;

(2) Plaintiff Rick Scott's Motion for Contempt Against Defendant Marisa Belcastro, filed December 20, 2012;

(3) Plaintiff Rick Scott's Motion for Contempt Against Defendant Carmela Ann Carpanzano, filed December 20, 2012;

(4) Plaintiff Rick Scott's Motion for Contempt Against Defendant Leonard G. Barrie a/k/a Len Barrie, filed December 20, 2012;

(5) Plaintiff Rick Scott's Motion for Contempt Against Defendant J. Scott Montana, filed December 21, 2012; and

(6) the oral arguments presented by counsel at the hearing held on January 22, 2013.

## I. BACKGROUND

### A. *Salvatore Carpanzano*

On August 21, 2012, Scott noticed Carpanzano for deposition. Carpanzano did not attend the deposition. On August 27, 2012, Scott served Carpanzano with interrogatories and requests for production in aid of judgment. Carpanzano failed to respond to this discovery in any way. On October 24, 2012, the Court granted Scott's motion to compel post-judgment discovery and ordered Carpanzano to fully respond to Scott's written discovery within 10 days of the date of the Order and to appear for deposition on November 20, 2012. The Order explicitly warned Carpanzano that his failure to comply with the Order may subject him to contempt-of-court sanctions, including fines or confinement. Scott served Carpanzano with the Order compelling post-judgment discovery, but he did not appear for deposition or respond in any way to Scott's interrogatories and requests for production.

### B. *Marisa Belcastro*

On August 21, 2012, Scott noticed Belcastro for deposition. Belcastro did not attend the deposition. On August 30, 2012, Scott served Belcastro with interrogatories and requests for production in aid of judgment. Belcastro failed to respond to this discovery in any way. On October 24, 2012, the Court granted Scott's motion to compel post-judgment discovery and ordered Belcastro to fully respond to Scott's written discovery within 10 days of the date of the Order and to appear for deposition on November 20, 2012. The Order explicitly warned Belcastro that her failure to comply with the Order may subject her to contempt-of-court sanctions, including fines or confinement. Scott served Belcastro with the Order compelling

post-judgment discovery, but she did not appear for deposition or respond in any way to Scott's interrogatories and requests for production.

### C. *Carmela Ann Carpanzano*

On August 21, 2012, Scott noticed Carmela Carpanzano for deposition. Carmela did not attend the deposition. On August 27, 2012, Scott served Carmela with interrogatories and requests for production in aid of judgment. Carmela failed to respond to this discovery in any way. On October 29, 2012, the Court granted Scott's motion to compel post-judgment discovery and ordered Carmela to fully respond to Scott's written discovery within 10 days of the date of the Order and to appear for deposition on November 20, 2012. The Order explicitly warned Carmela that her failure to comply with the Order may subject her to contempt-of-court sanctions, including fines or confinement. Scott served Carmela with the Order compelling post-judgment discovery, but she did not appear for deposition or respond in any way to Scott's interrogatories and requests for production.

### D. *Leonard G. Barrie*

On August 21, 2012, Scott noticed Barrie for deposition. Barrie did not attend the deposition. On August 29, 2012, Scott served Barrie with interrogatories and requests for production in aid of judgment. Barrie failed to respond to this discovery in any way. On November 15, 2012, the Court granted Scott's motion to compel post-judgment discovery and ordered Barrie to fully respond to Scott's written discovery within 10 days of the date of the Order and to appear for deposition on November 21, 2012. The Order explicitly warned Barrie that his failure to comply with the Order may subject him to contempt-of-court sanctions, including fines or confinement. Scott served Barrie with the Order compelling post-judgment

discovery, but he did not appear for deposition or respond in any way to Scott's interrogatories and requests for production.

### E. J. Scott Montana

On August 21, 2012, Scott noticed Montana for deposition. Montana did not attend the deposition. On August 27, 2012, Scott served Montana with interrogatories and requests for production in aid of judgment. Montana failed to properly and fully respond to this discovery. On November 15, 2012, the Court granted Scott's motion to compel post-judgment discovery and ordered Montana to fully respond to Scott's written discovery within 10 days of the date of the Order and to appear for deposition on November 21, 2012. The Order explicitly warned Montana that his failure to comply with the Order may subject him to contempt-of-court sanctions, including fines or confinement. Scott served Montana with the Order compelling post-judgment discovery, but he did not appear for deposition or respond in any way to Scott's interrogatories and requests for production.

## II. STANDARD

A person who fails to obey a lawful court order may be punished for contempt. *Travelhost, Inc. v. Blanford*, 68 F.3d 958, 961 (5th Cir. 1995). In a civil contempt proceeding, the movant must establish that (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the order. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). The standard of proof is clear and convincing evidence. *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987).

## III. DISCUSSION

The Court finds by clear and convincing evidence that a court order was in effect as to each of these Defendants to appear for deposition and to respond to Scott's post-judgment discovery. Each of these Defendants failed to comply with the Court's orders. Therefore, the Court finds Salvatore Carpanzano, Marisa Belcastro, Carmela Ann Carpanzano, Leonard G. Barrie, and J. Scott Montana to be in civil contempt of this Court, and Scott's Motions for Contempt against these Defendants are **GRANTED**.

## IV. CONCLUSION

Each Defendant shall pay Scott $1,650, which represents reasonable attorneys' fees and court reporter's fees, as a sanction for failing to appear at his or her previously scheduled, court-ordered deposition.

Each Defendant shall purge himself or herself of this contempt by appearing for deposition at Scott's convenience and by properly and fully responding to Scott's interrogatories and requests for production.

The Court imposes a fine of $500 per day, beginning February 1, 2013, as to each Defendant and continuing until such time as that Defendant appears for deposition and properly and fully responds to Scott's interrogatories and requests for production. Each Defendant shall pay his or her fine into the registry of the Court until he or she complies with this Order.

Plaintiff Scott shall serve a copy of this Order on each of these Defendants.

Plaintiff Scott shall file a status report sixty days after contempt fines begin to accrue that informs the Court of the degree of each Defendants' compliance with this Order. If each

Defendant has not fully complied with this Order, Plaintiff may move for additional civil contempt sanctions, including confinement.

SO ORDERED.

Dated January 23, 2013.

                                      SAM R. CUMMINGS
                                      UNITED STATES DISTRICT JUDGE