IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RICK SCOTT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN NATIONAL TRUST & | § | |
| INVESTMENT MANAGEMENT | § | |
| COMPANY, LLC, *et al.*, | § | |
|     Defendants. | § | Civil Action No. 5:12-CV-006-C |

**MOTION FOR PROTECTIVE ORDER BY DEFENDANTS GREENBERG TRAURIG, LLP, & GREENBERG TRAURIG, P.A., and BRIEF IN SUPPORT**

**TO THE HONORABLE SAM R. CUMMINGS:**

Defendants Greenberg Traurig, LLP, and Greenberg Traurig, P.A. (hereinafter "Greenberg"), file this Motion for Protective Order pursuant to Rule 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE. Upon consideration of the arguments and authorities stated herein, this Court should grant Greenberg's Motion for Protective Order, and the Court should stay discovery pending a ruling on Greenberg's Motion to Dismiss.

                                                                   Respectfully Submitted,

                                                                   /s/
                                                                   MULLIN HOARD & BROWN, L.L.P.
                                                                   Lawrence M. Doss, SBN: 24012544
                                                                   P.O. Box 2585
                                                                   Lubbock, Texas 79408
                                                                   Telephone: 806/765-7491
                                                                   Facsimile: 806/765-0553

# I.
# INTRODUCTION & SUMMARY

1.      Already pending before this Court is Greenberg's Motion to Dismiss Scott's Fourth Amended Complaint.  Although this suit has been on file for more than one year, Scott did not elect to sue Greenberg until October 2012, and only then, brought claims under a theory of "vicarious liability."  Because Scott's Complaint failed to state any cognizable claim against Greenberg, this Court, via order of January 15, 2013, dismissed all of Scott's claims against Greenberg without prejudice.

2.      Scott attempted his second bite at the apple on February 4, 2013, when he sued Greenberg again in his Fourth Amended Complaint. Greenberg filed a Motion to Dismiss, as the claims against Greenberg contain nothing more than the same conclusory labels that were unsuccessful in Scott's Third Amended Complaint.

3.      Not to be deterred, however, Scott has served Greenberg with a series of overly broad and intrusive discovery requests – requests for production, requests for admission, and interrogatories – even though Scott has not shown any basis for any claim against Greenberg. Scott's discovery requests contain nearly 100 requests and interrogatories.

4.      For example, Scott's forty requests for production would require Greenberg – an international law firm with thirty-five offices and approximately 1,800 attorneys -- to scour its records and produce "every type and form" of written document[1] pertaining in any way to

---

[1] Such "documents" are set forth by Scott to include all of Greenberg's "communications, not only in words, but in symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through computer or other information storage or retrieval systems." In addition, the scope of the production requests seek for Greenberg to produce all:

> calendars, checkbooks, agenda, agreements, analysis, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss

such matters as: (1) any document showing a relationship of any kind between Greenberg and co-defendant Alex McClain, who was employed as an associate of Greenberg for eight years and represented clients of Greenberg with other Greenberg attorneys (RFP 4, 5); (2) Greenberg's net worth (even though Scott has asserted no claim for punitive damages or other claim against Greenberg whereby net worth would be relevant or lead to admissible evidence) (RFP 28); (3) copies of all claims, petitions, and complaints made "by or against [Greenberg]" for similar damages at any time (without regard to whether or not such claims were asserted on behalf of a client or even had any similar factual basis as the claims asserted against Greenberg (RFP 36, 37); (4) all documents of communications and correspondence, including all electronically stored information, between Greenberg and individuals previously identified to be clients of McClain during his tenure with Greenberg (RFP 7, 8, 9, 13, 15, 16); and (5) McClain's personnel file (RFP 40).

5.      In addition, Scott served forty-two Requests for Admission for Greenberg. Only one Request addresses attorney McClain's authority as an employee of Greenberg as it relates to this suit; none of the Requests pertain to Greenberg's hiring, retention, training, or supervision of McClain. The vast majority of the Requests ask Greenberg to disclose its clients, and to produce documents purportedly related to Plaintiff's his pursuit against other Defendants.

6.      Even though Scott's claims fail to provide sufficient notice of any facts supporting any claim against Greenberg, Scott's Interrogatories ask Greenberg to provide "in detail and

---

statements, letters, memorandum, recording, telephone or in person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations, releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

3

with particularity": (1) a full discussion of the "relationship" with other Defendants in the case (again, without regard any current or past attorney-client relationship with Greenberg) (Interrogatories 2 and 15); (2) the name of each and every Greenberg client that contains "Terrastone" in its name (without regard to whether any client has any relationship to any of the parties or claims in this suit) (Interrogatories 12-15); and (3) information regarding every "civil or criminal" lawsuit in which Greenberg has been involved regarding claims for vicarious liability or negligent hiring, retention, supervision, or training (without limitation in time or regard to suit's subject matter) (Interrogatory 10). Scott also seeks production of all documents related to any interrogatory answer (RFP 1).

7. Greenberg brings this Motion for Protective Order, requesting a stay of discovery until the Court has an opportunity to rule on Greenberg's Motion to Dismiss. This stay will preclude enormously expensive and unnecessary discovery, including the responses to the ninety-eight Requests for Production, Requests for Admission and Interrogatories propounded upon Greenberg, and so this Court may dispose of the case as a matter of law. Greenberg also moves for Protective Order because the discovery requests are overly-broad and unduly burdensome. To the extent that the Court orders discovery to occur, the Court should nevertheless require Plaintiff to tailor its discovery to those requests that will lead to discovery of admissible evidence, and to reduce the scope of the requests so not as to encompass every possible document or communication for every client in which attorney McClain might have been involved. Finally, the Court should order that matters protected by the attorney-client privilege and confidential trade secrets are subject to protection from disclosure.

## II.
## ARGUMENT AND AUTHORITIES

8.      Federal district courts possess the discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c); *Von Drake v. NBC*, No. 3:04-CV-0652-R, 2004 WL 1144142, *1 (N.D. Tex. May 20, 2004). This includes a stay of discovery when a dispositive motion is before the court. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990); *Lowe v. Wellcare Health Plans, Inc.*, 2011 WL 5869757, *1 (N.D. Tex. 2011). While staying discovery is not "automatic," it is well-recognized throughout the United States that "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2040 (3d ed. 2012). *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

9.      A stay of discovery pending resolution of Greenberg's Motion to Dismiss Scott's Fourth Amended Complaint is appropriate because "[s]uch motions are decided on the face of the complaint," and "no discovery [is] needed to resolve . . . motions to dismiss." *Landry*, 901 F.2d at 435. As the Eleventh Circuit correctly pointed out:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997)

10.     At least one court in this district has attempted to articulate a test for determining when discovery should be stayed pending resolution of a dispositive motion: (1) the breadth

of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Von Drake*, 2004 WL 1144142 at *1. In that matter, a stay of discovery was ordered because the defendants had asserted several substantial arguments for dismissal of many, if not all, of the plaintiff's claims.

11. Here, a stay is necessary until such time as the Court rules on whether Scott has stated a viable claim against Greenberg. Scott has already failed once to state cognizable claims against Greenberg. Unless Scott is somehow able to articulate a plausible basis for his claims through amended pleadings that essentially assert the same conclusory allegations, the claims against Greenberg will ultimately be dismissed.

12. None of the discovery requests pertain to Scott's new claim for negligent hiring, retention, supervision, or training; Scott persists in relying solely on a vicarious liability theory of recovery. Accordingly, to minimize costs and avoid discovery on claims that may be dismissed or become moot, Greenberg requests that the Court enter an order staying discovery until after the Court rules on the pending Motion to Dismiss.

13. Moreover, staying the discovery served on Greenberg is necessary in light of Scott's overly broad requests for information and documents. Fully responding to all of Scott's requests would take thousands of hours involving Greenberg's attorneys and staff in multiple offices and thousands of client files.[2] It would require Greenberg to obtain every document identifying any "relationship" between McClain and Greenberg (though McClain has already

---

[2] Responding to these broad discovery requests would likely cost Greenberg "the time spent searching for and compiling relevant documents; * * * and * * * the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged." *Chudasama*, 123 F.3d at 1367 (brackets and alteration added).

stated that he was an employee of Greenberg), and to reveal privileged or confidential and proprietary information, such as Greenberg's net worth and communications and dealings with clients. The broad discretion in staying discovery "is particularly important in complex litigation . . . where fairness to all litigants as well as judicial economy require that the length and burdensomeness of discovery and motions be limited." *Munoz v. Orr*, 200 F.3d 291, 305 (5th Cir. 2000).

14.     Greenberg anticipates that its Motion to Dismiss will be dispositive of all claims asserted against it. McClain has also indicated his intention to file a Motion to Dismiss/Motion for Judgment on the Pleadings that would be dispositive of all claims against him based on the face of the pleadings, also rendering Greenberg non-liable for all claims *(ECF Doc. No. 289 at 12)*. Even if a Motion to Dismiss is granted only in part, a stay of discovery would save the significant costs and inconvenience associated with responding to voluminous discovery requests on legally insupportable claims. In turn, this will save the parties and the Court the unnecessary cost and inconvenience associated with discovery on claims ultimately dismissed. *See Landry*, 901 F.2d at 436.

15.     In summary, the *Chudasama* court aptly held as follows:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d at 1368 (footnotes omitted). *See also Von Drake*, 2004 WL 114142 at *2 (holding that a stay of discovery will enhance the efficiency of the litigation, preserve judicial resources, and save time and money for the parties).

16. Alternatively, good cause exists for protection because the scope of the discovery requests are too broad. At a minimum, the Court should require Plaintiff to tailor its discovery to those requests that will lead to discovery of admissible evidence, and to reduce the scope of the requests so not as to encompass every possible document or communication for every client in which attorney McClain might have been involved. Finally, the Court should order that matters protected by the attorney-client privilege and confidential trade secrets are subject to protection from disclosure.

### III.
### CONCLUSION

For the foregoing reasons, Defendants Greenberg Traurig, LLP, and Greenberg Traurig, P.A., respectfully request that the Court grant this Motion for Protective Order pursuant to FED. R. CIV. P. 26(c), and stay any obligation for Greenberg to undergo highly burdensome and overly broad discovery until such time that the Court rules on the Motion to Dismiss. Greenberg prays for such other relief – in law and equity – to which it is justly entitled.

    Respectfully Submitted,

    /s/
    MULLIN HOARD & BROWN, L.L.P.
    Lawrence M. Doss, SBN: 24012544
    P.O. Box 2585
    Lubbock, Texas 79408
    Telephone: 806/765-7491
    Facsimile: 806/765-0553

## CERTIFICATE OF CONFERENCE

    I hereby certify that prior to the filing of this Motion, I conferred by telephone with Fernando Bustos, counsel for Plaintiff Rick Scott, and that the parties could not reach resolution of the issues in this Motion without the need for judicial intervention.

/s/
Lawrence M. Doss

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of April, 2013, a true and correct copy of this Motion to Dismiss was served on all parties via the Court's ECF filing system.

/s/
Lawrence M. Doss