IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RICK SCOTT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN NATIONAL TRUST & | § | |
| INVESTMENT MANAGEMENT | § | |
| COMPANY, LLC, *et al.*, | § | |
| Defendants. | § | Civil Action No. 5:12-CV-006-C |

## DEFENDANTS GREENBERG TRAURIG, LLP'S, GREENBERG TRAURIG, P.A.'S, AND ALEXANDER McCLAIN'S RESPONSE TO SHOW CAUSE ORDER REGARDING SUBJECT MATTER JURISDICTION

**TO THE HONORABLE SAM R. CUMMINGS:**

Defendants Greenberg Traurig, L.L.P. ("GTLLP"), Greenberg Traurig, P.A. ("GTPA," and together with GTLLP, "Greenberg"); and Alexander McClain, file this Response to the Court's Show Cause Order of April 5, 2013, regarding whether this Court possesses subject matter jurisdiction.

Respectfully Submitted,

/s/
MULLIN HOARD & BROWN, L.L.P.
Lawrence M. Doss, SBN: 24012544
P.O. Box 2585
Lubbock, Texas 79408
Telephone: 806/765-7491
Facsimile: 806/765-0553

1

# I.
# INTRODUCTION TO ARGUMENT

**A.  Greenberg's and McClain's Conundrum**

    1.    This Court has ordered Greenberg and McClain to show cause whether or not the Court has subject matter jurisdiction **(ECF Document #309)**. The Order, candidly, presents a conundrum to Greenberg and McClain. As a law firm with approximately 1800 attorneys in thirty-five offices, Greenberg is frequently called upon to assist courts with describing the legal basis for an argument, claim, or defense; the firm embraces this responsibility as officers of the court and as members of the legal system.  On the other hand, this influence and reputation sometimes makes the firm a target for a plaintiff looking for a "deep pocket." That is the case here, where plaintiff's only factual allegations against Greenberg are that then-Greenberg associate McClain received a telephone call out of the blue from Salvatore Carpanzano – an individual alleged to be a client of the firm, and others; that McClain was asked to vouch for Carpanzano's reputation; and that McClain said he was reputable. Greenberg and McClain are now incurring thousands of dollars in legal fees each month, being repeatedly asked to reveal client confidences and trade secrets, and having to pay for the opportunity to discuss subject matter jurisdiction in a suit in which they are Defendants. Naturally, dismissal of the lawsuit on any ground would end the drama and expense for Greenberg and McClain.

    2.    Moreover, McClain is currently the subject of a motion for default judgment and motion to set aside entry of default — as the result of the Plaintiff's "gotcha" procedural tactic. Scott is claiming he should be awarded a default judgment against McClain because McClain — although previously filing two answers that covered every claim against him,

presenting a defense, participating in discovery, and appearing for deposition – did not timely file an answer to Scott's Fourth Amended Complaint even though the Fourth Amended Answer that McClain seeks leave to file essentially parroted his Third Amended Answer. Accordingly, dismissal would benefit McClain, and showing that jurisdiction is proper in this Court presents a question McClain could answer at his own peril.

3.   Despite these motivations to challenge this Court's jurisdiction, Greenberg and McClain also embrace the notion that a functioning legal system relies on a proper application of evidence and law. Therefore, dismissal of claims against Greenberg and McClain is necessary, not due to a question regarding the Court's jurisdiction, but because Scott does not present any cognizable claim against these Defendants.

## II.
## TIMELINE OF EVENTS

4.   Scott's suit was originally filed in December 2011 and was removed by Defendant Carpanzano to this Court in January 2012 based upon diversity of citizenship **(ECF Document #1, 3)**. Plaintiff's Second Amended Complaint added claims against McClain and other Defendants, none of whom are alleged to be residents of Texas **(ECF Document #91)**.

5.   On or about October 4, 2012, Scott filed a Third Amended Complaint **(ECF Document #177)**. Most allegations and causes of action in this Complaint are identical to those asserted in the Second Amended Complaint (*cf.* **paras. 66-70 to ECF Docket #91 paras. 64-68**), except that the Third Amended Complaint added the two Greenberg entities as Defendants.

3

6.    On or about November 14, 2012, Greenberg filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure **(ECF Document #208)**. Dismissal was granted by this Court on January 18, 2013, when the Court held that Scott's Third Amended Complaint failed to adequately state any factual basis for showing that McClain was acting in the course and scope of employment with Greenberg **(ECF Document #258)**.

7.    On or about February 4, 2013, Scott filed a Fourth Amended Complaint to attempt to cure the pleading deficiencies that resulted in dismissal against Greenberg **(ECF Document #278)**. The Fourth Amended Complaint again asserts virtually identical allegations against McClain that were stated before, including every cause of action that was already answered in McClain's October 2012 answer. *(Id.)*. The Complaint alleges different facts regarding what McClain was alleged to have said to Scott's counsel over the telephone, though the causes of action against McClain are almost verbatim from the Third Amended Complaint. Scott's Fourth Amended Complaint is likewise the subject of a Motion to Dismiss by Greenberg **(ECF Document #283)**, and will be the subject of a motion to dismiss or motion for judgment on the pleadings by McClain once the Court sets aside the entry of default and denies Scott's Motion for Default Judgment **(ECF Document #289 at para. 32)**.

### III.
### EVIDENCE

8.    As indicated in the Appendix, which Greenberg and McClain incorporate by reference as if such documents were stated in full herein, the Affidavit of David E. Hirsch, who is the Assistant Treasurer and Finance Director of GTPA shows that GTPA originally

was formed as a Florida professional association named Greenberg, Traurig & Hoffman, P.A **(Exhibits 1, 2)**. The principal place of business for GTPA is Miami, Florida *(Id.)*.

9.  In addition, Hirsch's affidavit shows that GTLLP originally was formed as a New York limited liability partnership, and that the principal place of business for GTLLP is New York, New York **(Exhibits 1, 3)**. Moreover, there are only two partners of GTLLP: GTPA and Greenberg Traurig New York, P.C. ("GTNY") **(Exhibit 1)**.

10. GTNY originally was formed as a New York professional corporation named Greenberg Traurig Hoffman Lipoff Rosen & Quentel of New York, P.C., and its principal place of business is New York, New York **(Exhibits 1, 4)**.

## IV.
## ARGUMENT

11. The Motion to Dismiss filed by Carpanzano **(ECF Document #290)** is based upon a flawed assumption – that because a firm's "limited partners" generally determine the law firm's residency for purposes of citizenship, then GTLLP must necessarily be a Texas resident because "shareholders" reside in Texas **(See ECF Document #290 at pg. 2-3, 4)** (citing *Minchew & Santner, LLP v. Brenner*, 2012 Wl 4815628 (E.D.N.Y. Oct. 10, 2012); *Mudge Rose Guthrie Alexander & Ferndon v. Pickett*, 11 F.Supp.2d 449, 453 (S.D.N.Y. 1998). But the partners of GTLLP are non-residents of Texas **(Exhibit 1)**. This is not a situation, as suggested in *Minchew* and *Mudge Rose*, in which GTLLP is deemed to be a Texas resident on account of having limited partners in Texas. In fact, the Carpanzano Defendants correctly point out that the individual attorneys who hold profit-sharing interests in the firm are correctly known as shareholders, not limited partners. Accordingly, the

Plaintiff's decision to name GTLLP as a defendant did not defeat diversity, notwithstanding the fact that claims against Greenberg should never have been brought to begin with.

12. Because diversity of citizenship was not destroyed when GTLLP was named as a Defendant, it should be unnecessary for this Court to determine whether it also possesses federal question jurisdiction.  In any event, Greenberg and McClain point out that the claims against them do not appear to originate from their alleged involvement in any "foreign" transactions, but that they sound in fraud and misrepresentation-type theories that are not typically sufficient to invoke jurisdiction under the Edge Act.  See *Weiss v. Hager*, 2011 WL 6425542 at *4 (S.D.N.Y. 2011) (citing *Telecredit Serv. Ctr. v. First Nat'l Bank*, 679 F.Supp. 1101, 1103 (S.D.Fla.1988)).  Greenberg has pointed out that Scott's claims against it do not satisfy Rule 9(b)'s heightened pleading standards for fraud and related claims.  Therefore, even though diversity jurisdiction appears to be proper in this Court, the claims against Greenberg and McClain should be dismissed with prejudice.

## V.
## CONCLUSION

Diversity jurisdiction appears to be proper because no partners of GTLLP, are residents of Texas. However, dismissal of claims against Greenberg and McClain should be ordered, consistent with this Court's exercise of jurisdiction. Greenberg and McClain seek such other and further relief to which they are justly entitled.

Respectfully Submitted,

/s/
MULLIN HOARD & BROWN, L.L.P.
Lawrence M. Doss, SBN: 24012544
P.O. Box 2585
Lubbock, Texas 79408
Telephone: 806/765-7491

6

Facsimile: 806/765-0553

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April 2013, a true and correct copy of the foregoing document was served on all parties via the Court's ECF filing system.

/s/
Lawrence M. Doss